# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17CV167

| | |
|---|---|
| DARRELL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 9, 13). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be granted and the Commissioner's motion for summary judgment be denied.

## I.    Procedural Background

On June 18, 2013, Plaintiff protectively-filed an application for supplemental security income. (Transcript of Administrative Record ("T.") 26.) Plaintiff alleged a disability onset date of May 17, 2013. (T. 26.) The Social Security Administration denied Plaintiff's claim initially on September 13, 2013. (T. 26.) The claim was denied upon reconsideration on August 12, 2014. (T. 26.) On October 3, 2014, Plaintiff filed a written request for a hearing. (T. 26.)

On November 17, 2015, an Administrative Law Judge ("ALJ") conducted a hearing in Asheville, North Carolina. (T. 26.) Plaintiff appeared and testified at the hearing. (T. 26.) Donna J. Bardlsey, a vocational expert ("VE"), also appeared at the hearing. (T. 26.) Plaintiff was

represented by attorney Cynthia A. Strom. (T. 26.)

On January 13, 2016, the ALJ denied Plaintiff's claim in a written decision. (T. 26-36.) Plaintiff requested a review of the ALJ's decision, and on Aril 27, 2017, the Appeals Council denied Plaintiff's request for review. (T. 7-10.)

The ALJ's January 13, 2016, decision became the final decision of the Commissioner. On June 26, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make

2

the requisite showing.  Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016).  If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end.  Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015).   The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability.  Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC.  Mascio, 780 F.3d at 635.  After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work.  Id.  The burden is on the claimant to demonstrate that he or she is unable to perform past work.  Monroe, 826 F.3d at 180.  If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five.  Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.  Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.     The ALJ's Decision**

In his January 13, 2016, decision, the ALJ ultimately concluded that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. (T. 36.) In reaching this conclusion, the ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since June 18, 2013, the application date (20 C.F.R. § 416.971 et seq.).

(2) The claimant has the following severe impairments: musculoskeletal impairments, chronic obstructive pulmonary disease, anxiety disorder, and a depressive disorder (20 C.F.R. § 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

(4) The claimant has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), which includes lifting no more than 20 pounds occasionally and 10 pounds frequently, except he can perform only simple, routine jobs and job tasks that would not expose him to excessive dust, fumes, chemical or temperature extremes that would allow him to sit or stand at his option, changing positions as frequent as every half hour.

(5) The claimant is unable to perform any past relevant work[1] (20 C.F.R. § 416.965).

(6) The claimant was born on July 16, 1972, and he was 40 years old, which is defined as an individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963).

(7) The claimant has a marginal education, and he is able to communicate in English (20 C.F.R. § 416.964).

(8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(9) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the

---

[1] The ALJ found that Plaintiff had the following past relevant work: a carpenter (medium exertional and skilled) and a farm worker (heavy exertional and unskilled). (T. 35.)

4

claimant can perform[2] (20 C.F.R. §§ 416.969 and 416.969(a)).

(10) The claimant was not under a disability, as defined in the Social Security Act, at any time since June 18, 2013, through the date the application was filed (20 C.F.R. § 416.920(g)).

(T. 26-36.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Discussion

**The ALJ erred by failing to properly weigh Plaintiff's favorable Medicaid**

---

[2] The VE opined that Plaintiff would be able to perform the requirements of the following representative jobs: (1) sorter, with 300,000 jobs nationally; (2) assemblers, with 160,000 jobs nationally; and (3) packing line workers, with 140,000 jobs nationally. (T. 36.)

**Determination.**

In Plaintiff's fourth and most compelling argument, he argues that the ALJ erred by failing to consider that he was approved for Medicaid for the disabled beginning in May, 2013. Pl.'s Mem. Supp. (# 10) at 20-21. Plaintiff concludes that when a Medicaid finding of disabled has not been considered, the ALJ's decision must be reversed. Id. at 20. The Court agrees.

At the outset, the Court notes that the Commissioner does not dispute the alleged error, but she argues that the ALJ's failure to address the favorable Medicaid Determination, if error, was harmless. Def.'s Mem. Supp. (# 14) at 11. In light of Fourth Circuit case law and Social Security Ruling ("SSR") 06-3p, the Court is not persuaded.

SSR 06-3p[3] is applicable to the evaluation of Plaintiff's Medicaid Determination. SSR 06-3p, in pertinent part, states:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5)). Therefore, <u>evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.</u>
>
> . . .
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. . . However, the [ALJ] should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

2006 WL 2329939, at *6-7 (emphasis added).

In <u>Bird v. Comm'r of Soc. Sec. Admin.</u>, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit

---

[3] SSR 06-03p was rescinded for claims filed on or after March 27, 2017. <u>Robinson v. Berryhill</u>, No. 1:16-CV-03628-DCN, 2018 WL 746540, at *3 n.2 (D.S.C. Feb. 7, 2018). Plaintiff filed his claim prior to March 27, 2017; thus, SSR 06-03p still applies to this case.

6

Court of Appeals noted that "under the principles governing [Social Security Administration] disability determinations, another agency's disability determination cannot be ignored and must be considered." Id. at 343 (citation and internal quotations omitted). The Fourth Circuit ultimately held that "a [Veterans Affairs "VA"] disability determination must be accorded <u>substantial weight</u> in Social Security disability proceedings." Id. at 345 (emphasis added). The Fourth Circuit further held that "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. at 343. The Fourth Circuit's decision in <u>Bird</u> applies not only VA awards, but also Medicaid awards. See <u>Woods v. Berryhill</u>, ___ F.3d ___, 2018 WL 1954475, at *4 (4th Cir. April 6, 2018) (the Court noted it saw no reason why its decision in <u>Bird</u> should not also be applied Medicaid disability decisions); <u>see also Trammell v. Berryhill</u>, No. 1:16CV586, 2017 WL 3671177, at *3 n.4 (M.D.N.C. Aug. 24, 2017) (citing North Carolina cases that recognize the Medicaid and VA disability programs share markedly similar standards and requirements with disability insurance benefits and supplemental security income).

In the instant case, the ALJ failed to even mention Plaintiff's favorable Medicaid Determination. <u>See</u> (T. 26-36). Thus, the ALJ failed to comply with SSR 06-3p by overlooking the Medicaid Determination. The ALJ also failed to comply with <u>Bird</u> by failing to give Plaintiff's Medicaid Determination "substantial weight" or clearly explaining how "less weight" was appropriate. For these reasons, the ALJ's decision must be remanded for further proceedings. See <u>Deloatche v. Heckler</u>, 715 F.2d 148, 150 n.1 (4th Cir. 1983) ("[T]he [prior] disability determination of a state agency is entitled to consideration."); <u>see also</u> <u>Bird</u>, 699 F.3d at 341 n.1 ("[W]e conclude that the ALJ committed legal error by failing to consider properly all the record evidence[.]"); <u>Nken v. Holder</u>, 585 F.3d 818, 822 (4th Cir. 2009) ("In such circumstances, a

7

Case 1:17-cv-00167-MOC-DLH Document 15 Filed 05/07/18 Page 7 of 9

reviewing court must remand to the administrative agency. Established precedent dictates that a court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say."); Bridgeman v. Astrue, No. 4:07-CV-81-D, 2008 WL 1803619, at *1, *10 (E.D.N.C. Apr. 21, 2008) (remanding for further consideration where the ALJ mentioned the Medicaid ruling, but dismissed its relevance without further discussion).[4]

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 9) be GRANTED, and the case be remanded. The Commissioner's motion for summary judgment (# 13) be DENIED.

Signed: May 7, 2018

Dennis L. Howell
United States Magistrate Judge

---

[4] Plaintiff has raised four assignments of error. Having determined that the ALJ erred with respect to the fourth assignment of error and remand is warranted, the Court will not address the remaining assignments of error.

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).